**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| GARLAND E. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-4005-SAC |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Garland E. Williams, proceeding *pro se* and *in forma pauperis*, has filed the above-captioned action against Defendants the United States of America, Senior U.S. District Judge Ivan L. R. Lemelle, and Clerk of the Court for the Eastern District of Louisiana William W. Blevins. For the reasons stated below, the magistrate judge recommends the district judge dismiss this action because plaintiff's complaint fails to state a claim upon which relief may be granted and because plaintiff is seeking monetary relief from defendants who are immune from such relief.

When a plaintiff proceeds *in forma pauperis*, the court may review the complaint under 28 U.S.C. 1915(e)(2). That section authorizes the court to dismiss the case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[1] The purpose of the § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[2]

Fed. R. Civ. P. 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[3] When a complaint is so lengthy that it becomes confusing, or is confusing in general, it does not comply with Rule 8 and becomes subject to dismissal.[4] The court uses the Fed. R. Civ. P. 12(b)(6) motion-to-dismiss standard to determine whether dismissal under Section 1915(e)(2)(B)(ii) is appropriate.[5] The court liberally construes *pro se* parties' pleadings and will accept as true all well-pleaded facts, drawing all reasonable inferences in plaintiff's favor.[6] However, plaintiff still bears the burden of alleging sufficient facts upon which a recognized legal claim could be based. The court cannot assume the responsibility of serving as plaintiff's attorney in constructing arguments or scouring the record for a possible cause of action.[7] The plaintiff "must allege sufficient facts to state a claim which is plausible—

---

[2] *Trujillo v. Williams*, 465 F.3d 1210, 1216 (10th Cir. 2006) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

[3] Fed. R. Civ. P. 8(a)(2).

[4] *Triplett v. U.S. Dep't of Defense*, No. 11-2105-SAC, 2011 WL 1113551, at *1-*2 (D. Kan. Mar. 24, 2011).

[5] *Washington v. Washington*, No. 14-1215-EFM-KGG, 2014 WL 4059788, at *3 (D. Kan. Aug. 15, 2015).

[6] *Id.* at *3.

[7] *Yarbury v. Martin, Pringle, Oliver, Wallace, & Bauer LLP*, No. 15-1171-MLB, 2015 WL 5032510, at *2 (D. Kan. Aug. 11, 2015) (quoting *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011)) (internal quotations omitted).

rather than merely conceivable—on its face."[8] Dismissal is appropriate when a plaintiff cannot prevail on the facts alleged, and it would be futile to give plaintiff an opportunity to amend.[9]

Plaintiff's 29-page complaint is difficult to understand. The complaint cites numerous federal statutes, provisions of the U.S. Constitution, various judicial opinions ranging from a dissenting opinion in *Plessy v. Ferguson*,[10] to the 1971 Second Circuit opinion *Trans World Airlines, Inc. v. Hughes*,[11] generally references a deprivation of civil liberties, inaction by a "Juridicial" officer (presumably a judicial officer), and obstruction of justice. However, it is unclear what claims plaintiff is attempting to assert or the factual basis giving rise to those claims. For example, one of the opening paragraphs providing a statement of plaintiff's claim asserts that:

> The circumstantive events recognize pleading omission acts by multiple assigned Precedents; so named United States Government instrumentality-agents. Whom behaviors engaged in egregious, impartial fiduciary duty obligations, and contrary to law acts notwithstanding Petitioner's prima facie petition allegations. A viable pending show cause-in-effect accountability recanting of liable Administrative precedence unlawful omissions; is listed as follow . . . [12]

The entire complaint is written in a similar style.

The majority of legal authority cited by plaintiff does not create a private right of action, and even recognized legal claims—such as those arising under 42 U.S.C. § 1983—are not

---

[8] *Id.* (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[9] *Phillips v. Layden*, No. 11-7011, 2011 WL 4867548, at *1 (10th Cir. Oct. 14, 2011) (internal quotation and citation omitted).

[10] 163 U.S. 537 (1896) (Brown, J., dissenting).

[11] 449 F.2d 51 (2d Cir. 1971).

[12] Compl. at 4, ECF No. 1.

supported by sufficient facts to state a claim for relief. Moreover, the vast majority of discernable factual allegations concern alleged actions taken by Judge Lemelle and the clerk's office in the case plaintiff filed in the Eastern District of Louisiana, *Williams v. Department of Children and Family Services of the State of Louisiana*, *et al.*, 16-15866-ILRL-JCW. To that end, plaintiff's claims against these individuals also appear to be barred by judicial immunity.[13] The United States is also likely immune from this suit;[14] however, it is wholly unclear from the complaint what claims plaintiff is attempting to assert against the United States or what alleged acts give rise to these claims.

For these reasons, the magistrate judge recommends the district judge dismiss this action because plaintiff's complaint fails to state a claim for which relief may be granted and because plaintiff is seeking monetary relief from defendants who are immune from such relief. Pursuant to 28 U.S.C.§ 636(b)(1) and Fed. R. Civ. P. 72, plaintiff shall have fourteen (14) days after service of a copy of this Report and Recommendation to file any written objections. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

Dated February 14, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[13] *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) ("Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction" and explaining that judicial immunity is extended to non-judicial officers when these individuals' duties "had an integral relationship with the judicial process) (quoting *Henriksen v. Bentley*, 664 F.2d 852, 855 (10th Cir. 1981)).

[14] *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (explaining that the United States is immune from suit unless it consents to be sued).